# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GREENVILLE COUNTY LIBRARY
SYSTEM, *et al.*,

     *Petitioners,*

v.

O.R., by and through his parents,
Cheryl Rogers and Greg Rogers, *et al,*

     *Respondents.*

Case No. 26-178


## RESPONDENTS' RESPONSE TO
## PETITION FOR INTERLOCUTORY REVIEW

D. Allen Chaney Jr.
Sam Kennedy
AMERICAN CIVIL LIBERTIES
UNION OF SOUTH CAROLINA
P.O. Box 1668
Columbia, SC 29202
Tel: (843) 282-7953
achaney@aclusc.org

Joshua Block
Shana Knizhnik
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street
New York, NY 10004
Tel: (212) 549-2500
skniznhnik@aclu.org
jblock@aclu.org


*Attorneys for Respondent-Appellees*

Pursuant to this Court's Rule 5 Docketing Notice, Respondents respectfully submit the following response to Petitioners' petition for interlocutory review.

### INTRODUCTION

The Greenville County Library System ("Greenville Library") adopted and enforces an official written policy that purges all books featuring transgender characters from the juvenile sections of all county libraries. The Plaintiffs below (and Respondents here) are residents of Greenville County, South Carolina—some of whom are transgender or otherwise members of the LGBTQ community—who allege that Greenville Library's viewpoint-based censorship of materials featuring transgender characters violates their rights under the First and Fourteenth Amendments. Consistent with the rulings of virtually every other court to address similar instances of library censorship, the district court held that Plaintiffs stated valid claims upon which relief can be granted.[1]

Greenville Library now petitions for interlocutory review pursuant to 28 U.S.C. § 1292(b), arguing that the district court's decision conflicts with the Fifth Circuit's en banc decision in *Little v. Llano County*, 138

---

[1] Petitioners do not seek review of the district court's ruling that Plaintiffs stated valid claims under the Equal Protection Clause of the Fourteenth Amendment. *See* Dkt. No. 50 at 6 n.4.

F.4th 834 (2025) (en banc). As discussed below, Plaintiffs dispute that the *Little* decision reflects broad disagreement or uncertainty among the lower courts, but Plaintiffs do not oppose the petition because interlocutory review would provide an opportunity for this Court to reject the Fifth Circuit's outlier decision, clarify the First Amendment rights of library patrons, and facilitate the efficient resolution of this case.

## BACKGROUND

In 2024, Greenville Library implemented two written policies which removed all material from the juvenile and young adult sections of the library that contain "illustrations, themes, or story lines [that] affirm, portray, or discuss changing the appearance of a minor's gender in ways inconsistent with the minor's biological sex" or with "illustrations, themes, or storylines that celebrate, portray, or affirm gender transitioning." Dkt. No. 44 at 3.[2] In enacting the written policies, Members of the Greenville County Board of Trustees stated that "the presence of a transgender character in a book . . . is grounds for relocating it to the adult section," materials representing gender transition are "trash," and that the "idea" of "transgenderism" is a "dangerous thing" and part of "a radical agenda" that the Library has "every right . . . to take an ethical and moral stand" against. *See id.* at

---

[2] Unless otherwise noted, these citations refer to the district court docket.

3–4. Meanwhile, books that advocate against gender transition—such as the Christian-themed book, *God made Boys and Girls* by Marty Machowski—remain available in the juvenile section. *Id.* at 4.

On March 26, 2025, Plaintiffs filed this lawsuit, alleging that Greenville Library's viewpoint-based removal of books featuring transgender characters violated their rights under the First and Fourteenth Amendments. *See* Dkt. No. 1 (Compl.). On March 19, 2026, the district court denied (in relevant part) the Greenville Library's motion to dismiss, concluding that Plaintiffs' challenge to the written policies stated valid claims upon which relief can be granted. *See* Dkt. No. 44.[3]

On May 28, 2026, the district court granted the Library Defendants' motion to certify the following two questions for interlocutory review:

> (a) Whether public library patrons have a constitutional right to receive information that prevents a public library from removing books or limiting minors' access to them based on the books' contents or viewpoints.

> (b) Whether a public library's collection decisions, including the addition, removal, or relocation of books within the

---

[3] The district court separately held that the Plaintiffs did not have standing to challenge Greenville Library's unwritten but widespread custom and practice of discriminating against the collection, retention, and display of library materials—including books for adults—that positively portray LGBTQ individuals. *See* Dkt. No. 44 at 13–15.

collection, is government speech that is not subject to or constrained by the Free Speech Clause.

Dkt. No. 47 at 1 (motion for certification); Dkt. No. 50 (granting certification). Greenville Library did not request certification with respect to the Equal Protection claims, and those claims were not included in the certification order.

On June 9, 2026, Greenville filed a petition for interlocutory review with this Court pursuant to 28 U.S.C. 1292(b) and Federal Rule of Appellate Procedure 5. This Court called for Plaintiffs to respond to the petition.

## ARGUMENT

Consistent with the Supreme Court's decision in *Board of Education, Island Trees Union Free School District No. 26 v. Pico*, 457 U.S. 853 (1982), the lower courts have recognized with virtual unanimity that the First Amendment prohibits library officials from removing books from "library shelves simply because they dislike the ideas contained in those books and seek by their removal to 'prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion.'" *Pico*, 457 U.S. at 872 (plurality opinion); *see Davison v. Randall*, 912 F.3d 666, 685 (4th Cir. 2019) (noting in dicta that the First Amendment prohibits "viewpoint discrimination in curating a public library branch" (citing *Pico*, 457 U.S. at 870–71)).

That is precisely what happened in Greenville County. The Greenville County Board of Trustees adopted official policies banning all books depicting transgender characters from the juvenile section of county libraries. And the Board adopted these policies with the explicit goal of "tak[ing] an ethical and moral stand" against the "dangerous thing" and "radical agenda" of "transgenderism," by "trying to move books specifically because they promote or affirm or introduce gender transition ideology," and thus avoiding "putting ideas in kids' minds that may not have already been there." *See* Dkt. No. 5 (Am. Compl.) at ¶¶ 3–4, 85–87. Consistent with the decision of virtually every other court address similar issues, the district court held that Plaintiffs stated a valid claim that Greenville Library's viewpoint-based censorship of library materials depicting LGBTQ people violated the First Amendment. *See, e.g.*, *PEN Am. Ctr., Inc. v. Escambia Cnty. Sch. Bd.*, 711 F. Supp. 3d 1325, 1331 (N.D. Fla. 2024); *Virden v. Crawford Cnty.*, No. 2:23-CV-2071, 2023 WL 5944154, at *3 (W.D. Ark. Sept. 12, 2023); *Sund v. City of Wichita Falls*, 121 F. Supp. 2d 530, 534 (N.D. Tex. 2000); *Case v. Unified Sch. Dist. No. 233*, 908 F. Supp. 864, 875 (D. Kan. 1995).

Plaintiffs nevertheless do not oppose Greenville Library's petition for interlocutory review in light of the Fifth Circuit's recent outlier decision in *Little*. Interlocutory review would advance resolution of this case by enabling this Court to swiftly reject (a) the Fifth Circuit's

holding that the First Amendment does not protect the right to receive information in a public library, and (b) the unprecedented assertions of the *Little* plurality that a public library's curation decisions constitute "government speech." *See* Pet. 13–16 (relying on *Little* for these two propositions).

While Plaintiffs do not oppose certification, Plaintiffs do not endorse many of the Library Defendants' characterization of the depth and breadth of disagreements among the lower courts.

*First*, despite the Greenville Library's assertions to the contrary, *Little* is an outlier, and is not indicative of broader disagreement among the lower courts. The only other decisions cited by the petition in support of a purported split are Eighth Circuit decisions involving school curricula and school libraries, not public libraries. *See* Pet. at 13 (citing *Penguin Random House, LLC v. Robbins*, 172 F4th 582, 586 (8th Cir. 2026); *Walls v. Sanders*, 144 F.4th 995, 1000 (8th Cir. 2025)); *see cf.*, *Virden v. Crawford Cnty.*, No. 2:23-CV-2071, 2023 WL 5944154, at *5 (W.D. Ark. Sept. 12, 2023) (contrasting the justifications for curatorial control in schools versus public libraries).

*Second*, no court has ever adopted the *Little* plurality's theory that a library's curation decisions constitute government speech. Petitioners' only other support comes from dicta in *People for the Ethical Treatment of Animals v. Gittens*, 414 F.3d 23, 28 (D.C. Cir. 2005), and *Bryant v. Gates*, 532 F.3d 888, 898 (D.C. Cir. 2008) (Kavanaugh, J., concurring).

7

Those opinions from the mid-2000s did not squarely address the issue and were decided before the Supreme Court clarified that courts "must exercise great caution before extending our government-speech precedents" because the doctrine "is susceptible to dangerous misuse" to "silence or muffle the expression of disfavored viewpoints." *Matal v. Tam*, 582 U.S. 218, 235 (2017); *accord Shurtleff v. City of Bos., Mass.*, 596 U.S. 243, 271 (2022) (Alito, J., concurring) ("We have repeatedly held that the government-speech doctrine does not extend to private-party speech that is merely subsidized or otherwise facilitated by the government.").

*Third*, there is no "divi[sion]" among "courts in this Circuit." Pet. 1. The district court's decision in this case is consistent with the decision of every other court in this circuit to address viewpoint-based censorship of library books. *See E.K. by & through Keeley v. Dep't of Def. Educ. Activity*, No. 1:25-CV-637 (PTG/IDD), 2026 WL 788645, at *1 (E.D. Va. Mar. 20, 2026) (DoDEA school library); *Couch v. Jabe*, 737 F. Supp. 2d 561, 565 (W.D. Va. 2010) (prison library); *Cline v. Fox*, 319 F. Supp. 2d 685, 690 (N.D.W. Va. 2004) (prison library); *Mainstream Loudoun v. Bd. of Trustees of the Loudoun Cty. Library*, 2 F. Supp. 2d 783, 794–95 (E.D. Va. 1998) (public library).

Plaintiffs also disagree with two additional assertions in Greenville Library's petition. Greenville Library wrongly asserts that "Plaintiffs' equal protection claims lack independent viability" if their

First Amendment claims fail. Pet. 17. Petitioners' own cases say otherwise. *See, e.g.*, *People for the Ethical Treatment of Animals*, 414 F.3d at 28 (noting that although First Amendment did not place limits on an art exhibition deemed government speech, "other constitutional constraints not at issue here, such as the Equal Protection Clause, might"). Defendants also wrongly assert that the viability of plaintiff's First Amendment claims implicates the plaintiff's standing. Pet. 18. To the contrary, "for purposes of standing, [the courts] must assume the Plaintiffs' claim has legal validity." *Cooksey v. Futrell*, 721 F.3d 226, 239 (4th Cir. 2013). Whether the policies "in fact constitute[] an abridgement of the plaintiff's freedom of speech is, of course, irrelevant to the standing analysis." *Meese v. Keene*, 481 U.S. 465, 473 (1987) (internal quotation marks omitted).

Despite these disagreements, Plaintiffs do not oppose the petition for interlocutory review.

## CONCLUSION

Plaintiffs do not oppose the petition for interlocutory review.


Respectfully Submitted June 18, 2026


[*Signature Blocks on Following Page*]

9

**ACLU OF SOUTH CAROLINA**

/s/ *Allen Chaney*
Allen Chaney
Samuel Kennedy
P.O. Box 1668
Columbia, SC 29202
T: (864) 372-6881
E: achaney@aclusc.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Shana Knizhnik
Joshua Block
125 Broad Street, Floor 18
New York, NY 10004
T: (212) 549-2500
E: sknizhnik@aclu.org
    jblock@aclu.org

**CERTIFICATE OF COMPLIANCE**

1.  This response complies with the type-volume limitation of Fed. R. App. P. 5(c)(1) because it contains 1,698 words.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface with 14-point Century Schoolbook font.


Dated: June 18, 2026                    */s D. Allen Chaney Jr.*
                                            D. Allen Chaney Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2026, I electronically filed this brief with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit, causing notice of such filing to be served upon all parties registered on the CM/ECF system.

*/s D. Allen Chaney Jr.*
D. Allen Chaney Jr.